IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

RAFAEL IRIZARRY-VELEZ,
Defendant.

CRIM. NO. 17-606 (CCC)

## PLEA AGREEMENT
[Pursuant to Rule 11(c)(1)(A) & (B) FRCP]

**TO THE HONORABLE COURT:**

COMES NOW, the United States of America, by and through the undersigned attorneys, along with defendant, Rafael Irizarry-Velez, and his counsel, Emilio Morris-Rosa, pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) & (B), and state to this Honorable Court that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **COUNT TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to waive formal indictment and plead guilty to a One Count Information, which charges as follows:

**Count One:**

On or about September 29, 2016, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, Rafael Irizarry-Velez, knowingly and intentionally possessed cocaine base ("crack"), a Schedule II narcotic controlled substance. All in violation of Title 21, United States Code Section 844(a).

## 2. MAXIMUM PENALTIES

Defendant understands that in relation to Count One of the Information, the Defendant may be sentenced to a term of imprisonment not to exceed one (1) year, and shall be fined a minimum of $1,000, or both. *See* Title 21, United States Code § 844(a).

## 3. SENTENCING GUIDELINES APPLICABILITY

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with Title 18, United States Code §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in the consolidated cases United States v. Booker, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

## 4. SPECIAL MONETARY ASSESSMENT

Defendant agrees to pay a special monetary assessment of twenty-five dollars ($25.00) to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code § 3013(a)(1)(A)(iii).

## 5. FINES AND RESTITUTION

Defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order Defendant to pay a fine and also that the Court may impose restitution. The United States will make no recommendations as to the imposition of fines or restitution.

## 6. RULE 11(c)(1)(B) WARNINGS

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements, Application, and Background Notes. Further, Defendant understands and acknowledges that the Court is not a party to

this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained herein. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offenses to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement. See Fed. R. Crim. P. 11(c)(3)(B).

7. **UNITED STATES RESERVATION OF RIGHTS**

The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the probation office in connection with that office's preparation of a presentence report; (b) to dispute sentencing factors or facts material to sentencing; (c) to seek resolution of such factors or facts in conference with opposing counsel and the probation office.

8. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

Defendant is aware that pursuant to the decision issued by the Supreme Court of the United States in United States v. Booker, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in Title 18, United States Code § 3553(a), the United States and Defendant submit the following advisory Guideline calculations:

R.M.I.V.

| SENTENCING GUIDELINE CALCULATION<br>Title 18, United States Code § 844<br>Unlawful Possession of Cocaine Base | |
|---|---|
| Base Offense Level: U.S.S.G. § 2D2.1 | 8 |
| Acceptance of Responsibility: U.S.S.G. § 3E1.1 | -2 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | 6 |
| TOL 6: CHC I (0-6 months); CHC II (1-7 months); CHC III (2-8 months) | |

9. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do **not** stipulate as to any Criminal History Category (CHC) for Defendant.

10. **SENTENCE RECOMMENDATION**

The parties agree that they will recommend a sentence within the applicable guideline range at a Total Offense Level of Six (6) for Count One. Defendant agrees that this sentence recommendation is reasonable pursuant to Title 18, United States Code § 3553(a). The parties further agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea Agreement.

11. **WAIVER OF APPEAL**

Defendant knowingly and voluntarily agrees that if the sentence of imprisonment imposed by the Court is (6) months or below, the defendant waives the right to appeal any aspect of this case's judgement and sentence, including but not limited to the term of imprisonment, restitution, fines, forfeiture, and any other terms and conditions of supervised release.

12. **FURTHER ADJUSTMENTS, DEPARTURES OR VARIANCE**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variance sentence under Title 18 United States Code, § 3553 shall be sought by the parties. The parties agree that any request by Defendant for an adjustment or departure will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

**13. SATISFACTION WITH COUNSEL**

Defendant represents to the Court to be satisfied with counsel, Emilio Morris-Rosa, Esquire, and indicates that counsel has rendered effective legal assistance.

**14. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this Plea Agreement, Defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

### 15. STATEMENT OF FACTS

The accompanying Statement of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt. Further, the Defendant agrees that said statement of facts may be used by the sentencing judge in determining the application of any sentencing guidelines in the instant case.

### 16. LIMITATIONS OF PLEA AGREEMENT

Defendant is fully aware that the Court is not bound by this Plea Agreement, including but not limited to: advisory sentencing guidelines calculations, stipulations, and/or sentence recommendations. In addition, this Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant; it does not bind any other federal district, state or local authorities.

### 17. ENTIRETY OF PLEA AGREEMENT

This written agreement and the supplement constitute the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and deny the existence of any other term and conditions not stated herein.

### 18. AMENDMENTS TO PLEA AGREEMENT

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

### 19. DISMISSAL OF CRIMINAL CASE 16-617 (CCC)

The United States agrees to dismiss the case against the defendant in its entirety in criminal case no. 16-617 (CCC) at the time of sentencing.

### 20. VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

**ROSA EMILIA RODRIGUEZ-VELEZ**
United States Attorney

_____
**Timothy Henwood**
First Assistant United States Attorney
Dated: 11-6-17

_____
**Myriam Y. Fernandez**
Assistant United States Attorney
Unit Chief, Financial Fraud & Corruption Unit
Dated: 11·1·2017

_____
**Nicholas W. Cannon**
Assistant United States Attorney
Dated: 11·8·2017

_____
**Rafael Irizarry-Velez**
Defendant
Dated: Dic 6 2017

_____
**Emilio Morris-Rosa, Esq.**
Counsel for Defendant
Dated: 12-6-17

# ACKNOWLEDGMENT

I have consulted with my counsel and fully understand all of my rights with respect to the Information pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it

Dic. 6 2017
Date

**Rafael Irizarry-Velez**
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Information. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. To my knowledge, the Defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of Defendant's plea of guilty.

12-6-17
Date

**Emilio Morris-Rosa, Esq.**
Counsel for the Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and Defendant, Rafael Irizarry-Velez, agree that the following statement provides a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for the violation of Title 21, United States Code, § 844(a)

Had case number 16-617 (CCC) proceeded to trial, the government's evidence would have proven beyond a reasonable doubt the following: On September 29, 2016, the defendant, Rafael Irizarry-Velez, was driving in the town of Cabo Rojo in the District of Puerto Rico. The defendant was stopped by Police of Puerto Rico and inside his vehicle POPR officers recovered several small baggies that contained cocaine base, commonly referred to as "crack." The defendant acknowledges that he knowingly and intentionally possessed the crack cocaine.

At trial, the United States would have proven beyond a reasonable doubt that defendant is guilty as charged in Count One of the Information by presenting physical and documentary evidence, including, but not limited to, testimony of PRPD officers and DEA agents, photographs, documents, drug analysis, and expert testimony. Full Discovery was timely made available to defendant for review.

Discovery was timely made available to Defendant for review.

**Rafael Irizarry-Velez**
Defendant
Dated: Dic. 6 2017

**Nicholas W. Cannon**
Assistant United States Attorney
Dated: 12/6/2017

**Emilio Morris-Rosa, Esq.**
Counsel for Defendant
Dated: 12-6-17